**DIRECTV, INC., a California corporation, Plaintiff–Appellee,**

v.

**Victor M. CARRILLO, Defendant–Appellant.**

No. 05–55931.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 14, 2007 *.

Filed April 3, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael E. Williams, Esq., Allison Leigh Burkholder, Esq., Quinn Emanuel Urquhart Oliver & Hedges, LLP, Los Angeles, CA, for Plaintiff–Appellee.

Victor M. Carrillo, Alhambra, CA, pro se.

Before: SKOPIL, FERGUSON, and LEAVY, Circuit Judges.

### MEMORANDUM **

Defendant/Appellant Victor Carrillo ("Carrillo") appeals the district court's grant of summary judgment in favor of Plaintiff/Appellee Directv, Inc. ("Directv"). The court found Carrillo liable for violations of the Federal Communications Act, 47 U.S.C. § 605, the Digital Millennium Copyright Act, 17 U.S.C. § 1201, and the Federal Wiretap Laws, 18 U.S.C. § 2512, for his possession and transference of equipment used to pirate satellite TV.

Carrillo contends that the district court erred in extending the deadline for Directv's filing of its summary judgment motion and that the district court erred in granting summary judgment. We affirm.

### I. The district court did not abuse its discretion in amending the briefing order.

A district court's decision regarding the management of litigation is re-

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

viewed for abuse of discretion. *Muckleshoot Tribe v. Lummi Indian Tribe,* 141 F.3d 1355, 1358 (9th Cir.1998) (citing *O'Neill v. United States,* 50 F.3d 677, 687 (9th Cir.1995)). In this case, the district court did not abuse its discretion.

The delay in deposing Carrillo established good cause under Federal Rule of Civil Procedure 6(b)(1) for granting the extension. Directv was not able to depose Carrillo until three weeks prior to the original summary judgment due date set by the scheduling order. Because Directv needed to follow up on leads from the deposition, including trying to track down "Dennis," to whom Carrillo had transferred the equipment, the court reasonably extended the deadline. Moreover, Carrillo has demonstrated no prejudice resulting from the two-week extension—a negligible extension in this case.

## II. The district court did not err in granting summary judgment for Directv.

Carrillo fails to identify any error in the district court's grant of summary judgment. He relies only on the fact that he was not properly served, which, he contends, voids the grant of summary judgment. Personal service, however, was not required. Under Local Rule 7–19.1, Directv was required only to "make a good faith effort to advise" Carrillo of the ex parte application. C.D. Cal. R. 7–19.1 Directv, by notifying Carrillo over the phone and leaving a copy of the ex parte application at his home, did all that was required of it. Furthermore, the district court properly found that there were no genuine issues of material fact.

■ Directv's Federal Communications Act claim required that it prove (1) that Carrillo distributed piracy devices; (2) that he knew or should have known the devices were used for piracy; and (3) that

Directv was a person aggrieved by Carrillo's actions. 47 U.S.C. § 605(e)(4). With regard to the first element, Carrillo admitted in his deposition that he purchased numerous pieces of piracy equipment, which he then transferred to someone named Dennis. With regard to the second element, Carrillo admitted that he knew the devices were commonly used for signal theft. Finally, with regard to the third element, the court properly concluded that Directv was a "person aggrieved" by Carrillo's actions because it had proprietary rights in the intercepted signals. 47 U.S.C. § 605(d)(6) (defining "aggrieved person" to "include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming").

■ To prevail on its claim under the Digital Millennium Copyright Act, Directv was required to prove (1) that Carrillo intentionally provided illegal satellite signal theft devises, and (2) that these devices were primarily designed to intercept encrypted signals or had limited legitimate commercial purposes. 17 U.S.C. § 1201. Carrillo admitted to providing Dennis with piracy devices designed to intercept Directv's encrypted signals.

■ To prevail on its claim under the Federal Wiretap Law, Directv was required to prove that Carrillo "intentionally intercept[ed], endeavor[ed] to intercept, or procure[d] any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication." 18 U.S.C. § 2511(1)(a). Carrillo admitted at his deposition that he had given the devices to Dennis, that his TV screen had displayed a message indicating he had used a pirated access card, and that he had ordered several cards in a short period of time, which

indicated he was illegally intercepting Directv's signal.

Because Carrillo failed to show the existence of any factual dispute regarding any of the elements of any of the claims, summary judgment for Directv was appropriate. Fed.R.Civ.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

**AFFIRMED.**

